## NEELY v. UNITED STATES.

### No. 10884.

Circuit Court of Appeals. Fifth Circuit.

Nov. 9, 1944.

W. W. Malone, of Athens, Ala., and George Rogers, of Birmingham, Ala., for appellant.

Jim C. Smith, U. S. Atty., of Birmingham, Ala., for appellee.

Before SIBLEY, McCORD, and LEE, Circuit Judges.

PER CURIAM.

The indictment charged that continuously from Oct. 1, 1943, to April 28, 1943, and within three years of the finding of the indictment (which was on Sept. 1, 1943), a described conspiracy was carried on and overt acts were done to carry it out at dates ranging from Oct. 18, 1941, to April 27, 1943. Some of the defendants pleaded guilty, and others, including appellant Neely, were convicted. Neely alone appeals. He complains that his demurrer was erroneously overruled and that the court erroneously refused to direct a verdict of not guilty.

The allegations of the indictment as to time are confusing. A conspiracy could not have been carried on from Oct. 1, 1943, to April 28, 1943, because Oct. 1, 1943, is subsequent to April 28, 1943, and after the date of the indictment. That allegation of time must be rejected as impossible. The other equally positive allegation is that the conspiracy was carried on within three years of the finding of the indictment and the overt acts are dated within that period. It is evident that by a clerical error Oct. 1, 1943, was written for Oct. 1, 1941. If the demurrer had pointed out the conflict in the allegations of time it may be that a better indictment ought to have been ordered, but the demurrer does not point out that defect, but merely claims that the overt acts are not alleged to have occurred during the time covered by the indictment. A special demurrer, being a critic, must, by the old rule, be itself above criticism. The indictment was good against general demurrer, and the defect now insisted on was not specified in the demurrer.

■■ As to the sufficiency of the evidence, Neely was unquestionably involved in a conspiracy to violate the liquor tax laws in 1941. He furnished the materials to make liquor, delivered at the still, and took the whole output of the still at a price, deducting the value of the materials. The jury was well warranted in believing that he was not a mere seller of material or a mere buyer of liquor, but was a participant in the illegal enterprise. United States v. Falcone, 311 U.S. 205, 61 S.Ct. 204, 85 L.Ed. 128, and United States v. Farrar, 281 U.S. 624, 50 S.Ct. 425, 74 L.Ed. 1078, 68 A.L.R. 892, are not controlling to the contrary. The fact that he is not shown to have participated in 'stilling operations afterwards carried on by other defendants does not relieve him of guilt, even though, as is argued, the latter operations were no part of the first conspiracy. It is not a fatal variance of which Neely can complain, at least in the manner in which he did complain, that the conspiracy in which he participated did not last as long or include as may persons as the indictment alleged.

Judgment affirmed.